GROSSE POINTE PARK FIRE FIGHTERS ASS'N *v.* VILLAGE OF GROSSE POINTE PARK.

1. MUNICIPAL CORPORATIONS—FIREMEN—HOURS OF DUTY—HOME RULE.

Statute prescribing maximum hours of duty for municipally employed paid or part paid firemen and entitling firemen to additional 24 hours off duty in every 16-day period, which applies to cities and villages, is neither a "local" nor "special" act nor unreasonable class legislation since it applies in a State-wide manner to all municipally employed firemen (Const. 1908, art. 8, § 21; Act No. 125, § 1, Pub. Acts 1925, as amended by Act No. 57, Pub. Acts 1941).

2. CONSTITUTIONAL LAW—STATUTES—CLASSIFICATION—HOURS OF LABOR.

While statutes prescribing maximum hours of duty for men need not be made to apply indiscriminately to all employers nor to all adult male employees, the legislature may enact

a law applicable to a specified class or classes of employers or employees, particularly with reference to its governmental units, provided the classification is sustainable in reason.

3. SAME—STATUTES—FIREMEN—HOURS OF DUTY—MUNICIPAL CORPORATIONS.

Under provision of the Constitution expressly reserving to the legislature the power to enact laws relative to the hours and conditions under which men, women and children may be employed, the legislature was empowered to enact a statute prescribing the maximum hours of duty for paid and part paid municipal firemen and entitling them to an additional 24 hours off duty in every 16-day period and any action taken by a municipality in contravention of such statute would be invalid as all laws and ordinances thereof are subject to the Constitution and general laws of the State (Const. 1908, art. 5, § 21, as amended in 1920; art. 8, § 21; Act No. 125, § 1, Pub. Acts 1925, as amended by Act No. 57, Pub. Acts 1941).

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 15, 1942.  (Docket No. 85, Calendar No. 42,140.)  Decided November 25, 1942.  Rehearing denied January 19, 1943.

Bill by Grosse Pointe Park Fire Fighters Association, Local No. 533, and others against Village of Grosse Pointe Park and others to restrain violation of statute.  Decree for plaintiffs.  Defendants appeal.  Affirmed.

*Edward N. Barnard*, for plaintiffs.

*Pierre V. Heftler (Bodman, Longley, Bogle, Middleton & Armstrong*, of counsel), for defendants.

*Burney E. Brower, William C. Hudson, William A. Ewart, Lewis W. James, Glenn C. Gillespie*, and *Carl A. Braun*, amici curiae.

NORTH, J.  This appeal raises the question of the constitutionality of the italicized portion of Act No.

57, Pub. Acts 1941 (Comp. Laws Supp. 1942, § 2725, Stat. Ann. 1942 Cum. Supp. § 5.3331), hereinafter quoted. This act is an amendment of Act No. 125, § 1, Pub. Acts 1925, as amended by Act No. 38, Pub. Acts 1937. The 1941 amendment reads:

"Section 1. It shall be unlawful for any municipality, or any officer or employee thereof, in municipalities which maintain or may hereafter maintain an organized paid or part paid fire department, to require any person in the employ of the fire department of such municipality to be on duty in such employment more than 24 hours, or to be off duty less than 24 hours out of any 48-hour period: *Provided, That all persons in the employ of any organized paid or part paid fire department shall be entitled to an additional 24 consecutive hours off duty in every 16-day period.*"

The defendant home-rule village of Grosse Pointe Park maintains an organized paid fire department. Acting through its officials it threatened to discontinue allowing its firemen the "additional 24 consecutive hours off duty in every 16-day period." Thereupon plaintiffs herein by bill in chancery sought to enjoin such action by the defendant village. A temporary injunction was issued. Upon motion to dissolve the temporary injunction and to dismiss the bill of complaint, it appearing that the trial court was of the opinion the motion should be denied, counsel for the respective parties stipulated that since only a question of law was involved the case might be considered as submitted upon the record then before the court. Thereupon a permanent injunction was issued in accordance with the prayer of the bill of complaint. Leave having been granted, this appeal was taken from the order denying defendants' motion to dismiss and from the order in accord with which the permanent injunction

issued. If the italicized portion of section 1 is constitutional the action of the trial court should be sustained, but if the italicized portion of the statute is unconstitutional, as asserted by defendants, the order entered in the circuit court should be vacated.

The grounds upon which appellants assail the constitutionality of the noted portion of the act are stated in their brief as follows:

"That the act was a special act and interfered with the matter of local self-government in which the State at large had no direct interest; that it abridged the right of the village to contract; that it deprived the village of its property without due process of law; that it was capricious and unreasonable class legislation and that it violated article 8 (section 21) of the Constitution of the State (1908) and the constitutional right of home rule."

Act No. 57, Pub. Acts 1941, is not a special or local regulation as being one applicable to only certain named municipalities. Instead it applies in a State-wide sense to every Michigan municipality, which maintains an organized paid or part paid fire department. A law of this type obviously need not apply, and probably in a practical sense could not be made to apply, indiscriminately to all employers or to all adult male employees. But the legislature may enact a law which is applicable to a specified class or classes of employers or employees, provided the classification is sustainable in reason. Particularly is this true of the State's power to regulate the affairs of its governmental units. We cannot say the statutory provision under consideration is invalid as being "special" or local legislation or that it is "capricious and unreasonable class legislation." It applies in a State-wide manner to all "municipalities which maintain or may hereafter

maintain an organized paid or part paid fire department.''

Appellants' fundamental contention is that the challenged portion of the act infringes upon the municipality's constitutional right of local self-government and the right of home rule. In passing upon this contention we must first look to the Constitution of this State and give consideration to its pertinent provisions:

"The legislature shall have power to enact laws relative to the hours and conditions under which men, women and children may be employed." Const. 1908, art. 5, § 29.

"Under such general laws (providing for the incorporation of cities and villages), the electors of each city and village shall have power and authority to frame, adopt and amend its charter and to amend an existing charter of the city or village heretofore granted or passed by the legislature for the government of the city or village and, through its regularly constituted authority, to pass all laws and ordinances relating to its municipal concerns, *subject to the Constitution and general laws of this State*." Const. 1908, art. 8, § 21.

From the foregoing constitutional provisions it seems too clear for argument that there has been reserved by the Constitution in the legislature the express power "to enact laws relative to the hours and conditions under which men, women and children may be employed" and that the powers which cities and villages may exercise under the home-rule provisions of our laws are limited by and "subject to the Constitution and general laws of this State." We think it clearly follows that in passing Act No. 125, Pub. Acts 1925, and particularly the provision the constitutionality of which is here challenged, the legislature was functioning within its constitutional

right to enact laws relative to the hours and conditions under which the firemen of the defendant village and all other like situated municipalities of the State may be employed, and further that any action taken by the defendant village authorities in contravention of Act No. 125, as passed by the legislature, was invalid and ineffective because under article 8, § 21, above quoted, all laws and ordinances of the village are "subject to the Constitution and general laws of this State."

Appellants strenuously urge that the instant case is controlled by our decision in *Simpson* v. *Paddock*, 195 Mich. 581. That contention would be sound or at least quite persuasive if we were to overlook the important change by amendment of article 5, § 29, of the Constitution, since the *Simpson Case* was decided in 1917. Indeed, except for the amendment we might well wonder how this court came to render its opinion in the *Simpson Case* without any reference whatever to section 29 of article 5; but in the light of the amendment it is obvious that section 29, as it read prior to its amendment in 1920, was in no way pertinent to the controlling issue in the *Simpson Case*, nor as formerly worded would it be at all applicable to the instant case. Prior to the 1920 amendment, article 5, § 29, of the Constitution read: "The legislature shall have power to enact laws relative to the hours and conditions under which women and children may be employed." But in 1920, by amendment, the word "men" was added, and the section made to read as first above quoted. This amended section expressly authorizes legislation of the type here involved.

Since express power is by the Constitution given to the legislature to regulate the hours and conditions under which men may be employed, and since the Constitution limits the home-rule powers of mu-

nicipalities by making them "subject to the Constitution and general laws of this State," it cannot be said that the statutory provision assailed by appellants is violative of the Constitution on any of the grounds asserted by them. The attempt or threatened attempt of the defendants to nullify the italicized provision of Act No. 125, § 1, Pub. Acts 1925, as amended by Act No. 57, Pub. Acts 1941, was in contravention of law and in violation of the rights of the plaintiff firemen; and the order of the trial court granting a permanent injunction was proper. It and the trial court's refusal to dismiss plaintiffs' bill of complaint are affirmed. No costs allowed.

CHANDLER, C. J., and BOYLES, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.