CITY OF DETROIT BOARD OF FIRE COMMISSIONERS *v.*
DETROIT FIRE FIGHTERS ASSOCIATION

LABOR RELATIONS—COLLECTIVE BARGAINING—SUPERVISORY EMPLOY-
EES—FIREMEN—CLASSIFICATION.
> The work and living conditions of firemen are unique, and a
> special classification in a statute which makes firemen super-
> visors a part of the rank and file bargaining unit for purposes
> of collective bargaining is justified (MCLA § 423.213).

Original proceedings in the Court of Appeals.
Submitted Division 1 December 4, 1969, at Detroit.
(Docket No. 6,105.)   Decided February 25, 1970.

Statutory complaint by the City of Detroit Board
of Fire Commissioners against Detroit Fire Fighters
Association, Local 344, I.A.F.F., and the Michigan
Labor Mediation Board for review of a decision by
the State Labor Mediation Board requiring the com-
missioners to cease and desist from refusing to bar-
gain with the association.   Affirmed.

*Robert Reese,* Corporation Counsel, and *Nick
Sacorafas* and *Peter D. Jason,* Assistants Corpora-
tion Counsel, for plaintiff.

*Rothe, Marston, Mazey, Sachs & O'Connell,* for
Detroit Fire Fighters Association.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Francis W. Ed-*

REFERENCES FOR POINTS IN HEADNOTE
48 Am Jur 2d, Labor and Labor Relations §§ 422, 423.
Federal Housing and Rent Act of 1947 and amendments.   11 ALR
2d 249.

*wards,* Assistant Attorney General, for Michigan Labor Mediation Board.

Before: R. B. Burns, P. J., and Holbrook and V. J. Brennan, JJ.

R. B. Burns, P. J. The Detroit Fire Fighters Association, hereinafter referred to as the Association, was granted exclusive recognition as the representative of the city's uniformed fire fighters in 1965. Negotiations were held and agreements were reached on various matters, but no comprehensive bargaining contract has ever been formally executed between the parties.

Title 4, ch 15, § 12 of the city charter provides:

"Promotions in the fire department shall be based on length of service therein. The officer or employee thereof having served the longest period in any position shall be advanced to fill any vacancy in the next higher position, if he shall have the qualifications therefor."

In actual practice the most senior employee has almost invariably been promoted.

The commissioners instituted a new procedure for promotions. The Association objected to the new procedure and filed an unfair labor charge with the Michigan Labor Mediation Board. The trial examiner found the commissioners had refused to bargain with the Association as required by § 10(e) of the public employment relations act. MCLA § 423.210(e) (Stat Ann 1965 Rev § 17.455[10e]).

The Michigan Labor Mediation Board affirmed the findings of the trial examiner and entered an order requiring the commissioners to cease and desist from refusing to bargain with the Association and in addition directed certain affirmative action. The

commissioners appealed claiming MCLA § 423.213 (Stat Ann 1968 Rev § 17.455[13]) violates the equal protection clause of the Constitution in that it makes an unlawful classification of fire fighting personnel by making its supervisors part of the rank and file bargaining unit.

MCLA § 423.213 (Stat Ann 1968 Rev § 17.455[13]) provides:

"The board shall decide in each case, in order to insure public employees the full benefit of their right to self-organization, to collective bargaining and otherwise to effectuate the policies of this act, the unit appropriate for the purposes of collective bargaining as provided in section 9e of Act No 176 of the Public Acts of 1939; provided, that in any fire department, or any department in whole or part engaged in, or having the responsibility of, fire fighting, no person subordinate to a fire commission, fire commissioner, safety director, or other similar administrative agency or administrator, shall be deemed to be a supervisor."

Until the party who assails such classification carries the burden of showing that it does not rest upon any reasonable basis but is arbitrary, we must assume that there was a sound basis for the legislature's classification. *City of Lansing* v. *Township of Lansing* (1959), 356 Mich 641. The Supreme Court has on several occasions recognized that the work and living conditions of firemen are peculiar and unique, justifying a special classification. *Grosse Pointe Park Fire Fighters Ass'n* v. *Village of Grosse Pointe Park* (1942), 303 Mich 405; *Slatterley* v. *City of Flint* (1964), 373 Mich 102.

The order of the Michigan Labor Mediation Board is affirmed. It is ordered that the City of Detroit Board of Fire Commissioners forthwith carry out the orders of the Michigan Labor Mediation Board,

the negotiation to be confined within the restrictions set forth in the city charter.

No costs, a public question being involved.

All concurred.